RuFFtN, C. J.
 

 It is quite clear, for several reasons, that the action will not lie. The agreement between Benick and the plaintiff is merely executory, and vests no title to the land in the plaintiff, nor any interest, which, for the purposes of this action, can be recognized at law. Therefore, there is no consideration, on which a promise can be implied, to pay the price of the land to the plaintiff, as being his money or the produce of his land. But if an equitable interest in the land can be recognized in the plaintiff, still he cannot recover, because
 
 first,
 
 the contract, being for an interest in land, was not in writing and is absolutely void at law : and, secondly', because the plaintiff has not cancelled Benick’s bond to him, nor released nor assigned to the trustee or to the purchaser his equitable title to the land. The plaintiff has yet all the right in the land that he ever had. The price paid by the purchaser was for the legal title, conveyed to him by the defendant, and it is evident, that, under the agreement at the sale, the defendant holds the money as trustee, either for the plaintiff, or for the creditors secured in the deed, as the one or the other shall be found to be entitled to it, as a part of the trust fund.
 
 *116
 
 That question can be determined only in a Court of Equity ; and therefore the judgment should be affirmed.
 

 Per Curiam
 

 Judgment affirmed.